IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LURADEAN YOUNG-SMITH,           )
                                )
            Plaintiff,           )
                                )
      v.                         )      No.  12 C 2028
                                )
RECOVERY MANAGEMENT SERVICES,    )
INC., et al.,                    )
                                )
            Defendants.          )

MEMORANDUM OPINION AND ORDER

Recovery Management Services, Inc. ("RMS," as its counsel styles it) and Travis Hasom have filed what purports to be an Answer, supplemented by Affirmative Defenses ("ADs"), to the Fair Debt Collection Practices Act ("Act") Complaint brought against them by Luradean Young-Smith ("Young-Smith").  But that filing reflects defense counsel's flouting of the mandates of Fed. R. Civ. P. ("Rule") 8 and 11(b)(the latter of which requires objective good faith on the part of parties and their counsel), and so it is stricken sua sponte.[1]

First, Answer ¶¶2 and 12, Answer Count I ¶14 and Answer Count III ¶19 betray a failure to read and follow the plain

---

[1] Instead of seeking to rank counsel's several errors in any order of importance, this opinion addresses them sequentially in the order in which they appear.  It should be added that the matters referred to here are not necessarily exhaustive--it is after all the lawyer's obligation to comply with the applicable standards in the first instance, rather than waiting for the Court (or opposing counsel) to catch violations of those standards.  What are spoken of here are flaws exposed by a brief threshold examination of defense counsel's work product.

roadmap marked out by Rule 8(b)(5) as the basis for a disclaimer of the need to comply with Rule 8(b)(1)(B)--see App'x ¶1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Counsel then compounds his Rule 8(b)(5) violation by going on "and therefore deny the same." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it "lack[s] sufficient knowledge to admit or deny" an allegation, or even (as Rule 8(b)(1)(B) specifies) "enough information to form a <u>belief</u> as to the truth" of an allegation, then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the quoted "and therefore..." phrase is stricken wherever it appears in the Answer.

Next, a group of responses (Answer ¶¶2, 3, 4 and 8, Answer Count I ¶16 and Answer Count III ¶19)--or perhaps more accurately nonresponses--display counsel's mindset that what he can label as a legal conclusion or a nonfactual allegation excuses any need to answer, as Rule 8(b)(1)(B) expressly dictates. That is of course nonsense--see, e.g., App'x ¶2 to <u>State Farm</u>. Just to pick an obvious instance, how can RMS fail to admit or to deny unconditionally what it necessarily knows: whether it is a "debt collector" within the meaning of the Act?

Relatedly, counsel seeks self-justification for those same attempted circumventions by claiming "an abundance of caution." That too is bad pleading, for it defeats the basic purpose of

notice pleading (which is incumbent on defendants as well as plaintiffs) to identify just what is and just what is not at issue between the litigants.[2]

As for the ADs, they too are problematic. On that score, defense counsel would do well to read App'x ¶5 to <u>State Farm</u> as well as the uniform caselaw applying Rule 8(c).

In particular, AD 1 seeks to advance what amounts to a Rule 12(b)(6) motion--a doubtful subject under Rule 8(c). But even apart from that general problem, this purported AD flouts the obligation to accept the Complaint's allegations as true for Rule 12(b)(6) purposes. It is stricken without leave to replead.

Next, although AD 2 facially seems to be a potentially viable defense, at least two aspects of AD 3 appear questionable:

> 1. Counsel's assertion that purported violations of the Act were "technical" totally ignores the purposefully technical nature of the Act, intended to curb what Congress has determined are harassing and abusive collection efforts.
>
> 2. Any contention that claimed violations are "de minimis in nature" similarly ignores the congressional decision--for the same reasons--to provide for statutory damages even absent a showing of actual damages.

In summary, the entire pleading is stricken, with leave

---

[2] In that regard, are defendants really in a position to deny various of the factual allegations advanced by Young-Smith? See, e.g., Answer ¶¶6, 7 and 9.

granted to file an Amended Answer and Affirmative Defenses on or before May 2, 2012. Regrettably, the wholesale violation of fundamental principles of federal pleading identified here appears to reflect the misperception that pleading (if not lawyering in general) is a sort of word game in which the prize goes to the lawyer who obfuscates the issues most. This Court has long mulled over the appropriate judicial response in such situations--for example, a modest monetary sanction would clearly not serve as a deterrent, and any heavier financial imposition would seem inappropriate. What appears preferable here, and what this Court now orders, is this:

    1. Defense counsel is not to charge his clients for the time and any expense involved in the preparation and filing of the curative pleading required here.

    2. Counsel is also required to provide the clients with a copy of this opinion, coupled with a confirmation of what has been stated in paragraph 1, and to transmit a copy of the forwarding letter to this Court (purely for informational purposes, not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: April 18, 2012